UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DELASHUN BAGGETT,<br><br>Plaintiff,<br><br>v.<br><br>LEWIS,<br><br>Defendant. | CAUSE NO. 3:25-CV-1008-JD-SJF |

OPINION AND ORDER

Delashun Baggett, a prisoner without a lawyer, filed an amended complaint. ECF 15. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Baggett alleges that, on December 24, 2024, Lewis grabbed Baggett and put him in cuffs. Lewis then destroyed some of Baggett's property. When Baggett asked why Lewis did that, Lewis yelled that he did it because Baggett is "a check in sex offender." ECF 15 at 2. Baggett asserts that this statement placed him in danger. Lewis wrote Baggett up for a disciplinary offense. Baggett was found guilty and lost thirty days of good time credit. Lewis had Baggett tested for drugs, but the test was negative.

Here, it is unclear if Baggett is suing Lewis because he was rough with him when placing him in cuffs, because he called him a "check in sex offender," because his property was damaged, or because he wrote Lewis up on a disciplinary offense following the incident. Each will be considered here.

Baggett alleges that Lewis "grabbed" him and placed him in cuffs. ECF 15 at 2. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the constitution. *Graham v. Conner*, 490 U.S. 386, 396 (1989), *quoting Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973), *cert. denied* 414 U.S. 1033 (1973). Baggett's description of what occurred does not amount to excessive force.

Baggett alleges that Lewis called him a "check in sex offender." Rude comments and other types of verbal harassment do not violate the Eighth Amendment. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, No. 17-3543, 2020 WL 240447 (7th Cir., Jan. 7, 2020) (rude language or verbal harassment by prison staff "while unprofessional and deplorable, does not violate the Constitution."); *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) ("Relationships between prisoners and prison staff are not always marked by genteel language and good manners."); *Dobbey v. Ill. Dep't of Correction*, 574 F.3d 443, 445 (7th Cir. 2009) ("[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment."). Verbal harassment may be actionable if it involves "a credible threat to kill, or to inflict any other physical injury." *Dobbey,* 574 F.3d at 446. The comment Baggett describes does not fall into that category. While labels like "check in sex offender" can increase the risk of harm to an inmate, mere fear of an attack that

does not occur does not state a claim for failure to protect. *See Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997) ("An allegation that prison officials exposed a prisoner to a risk of violence at the hands of other inmates does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause." (internal quotation marks and citation omitted)). Baggett did not allege that these comments led to an attack by inmates, therefore, he cannot proceed on a failure to protect claim.

Baggett also alleges that Lewis destroyed some of his property. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But the loss of property, alone, does not state a claim under the Fourteenth Amendment. That amendment requires a loss of property *without due process*. Here, Indiana provides a process for Baggett to use if he believes property has been wrongfully taken from him, and that process satisfies the due process clause. Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). These state laws provide a method for Baggett to seek reimbursement for the negligent loss or intentional deprivation of property, and that meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's

action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Thus, additional process was available to Baggett, and the amended complaint does not state a claim against Lewis for destroying or damaging Baggett's property.

Additionally, Baggett alleges that Lewis brought a disciplinary charge against him that resulted in him being found guilty and losing good time credit. Baggett does not allege that this charge was brought in retaliation for engaging in protected First Amendment activity. To the extent Baggett might contend that he was wrongfully charged or found guilty of the disciplinary complaint, he lost good time credit and therefore cannot pursue this claim until the guilty finding is overturned. *See Edwards v. Balisok*, 520 U.S. 641 (1997) ("[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated."). Baggett's complaint does not permit an inference that the disciplinary charge has been overturned. Therefore, Baggett may not proceed against Lewis on any claim stemming from their interactions on December 24, 2024.

Baggett also alleges that, on June 12, 2025, he was in his cell when Lewis approached and, for no reason whatsoever, reached through Baggett's cuff port, sprayed Baggett in the face with Oleoresin Capsicum or "OC" Spray,[1] and called him a

---

[1] Baggett has not identified the substance that was sprayed in his face, but it can be plausibly inferred that the substance was OC spray.

sex offender.[2] The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quotations and citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Prisons are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). It is important that prisoners follow orders given by guards. *Id.* at 476-77 (citing *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). To compel compliance — especially in situations where officers or other inmates are faced with threats, disruption, or aggression — the use of summary physical force can be warranted. *Id.* at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). That is not to say, however, that such justification exists "every time an inmate is slow to comply with an order." *Lewis*, 581 F.3d at 477. Several factors are explored when determining whether an officer's use of force was malicious or legitimate, including the need for applying the force, the threat posed to the safety of staff and inmates, the amount of

[2] For the same reasons explained above, labeling Baggett a sex offender, without more, does not state a claim.

force used, and the extent of the prisoner's injury. *Hendrickson*, 589 F.3d at 890. Baggett alleges that Lewis used force for no valid reason whatsoever, and he will therefore be permitted to proceed on this claim.

After spraying Baggett in the face with OC spray, Lewis did not contact medical staff or provide him with a decontamination shower. In evaluating an Eighth Amendment deliberate indifference claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted). Giving Baggett the benefit of all plausible inferences, he has stated a claim against Lewis for refusing him an opportunity to wash himself after being sprayed in the face with OC spray.

For these reasons, the court:

(1) GRANTS Delashun Baggett leave to proceed against Lewis in his individual capacity for compensatory and punitive damages for reaching through Baggett's cuff port and spraying him with OC spray for no reason whatsoever on June 12, 2025, in violation of the Eighth Amendment;

(2) GRANTS Delashun Baggett leave to proceed against Lewis in his individual capacity for compensatory and punitive damages for being deliberately indifferent to his suffering when, on June 12, 2025, after spraying Baggett with OC spray, he refused to allow Baggett to take a decontamination shower, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lewis at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 15);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of Lewis, if he does not waive service and if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lewis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 15, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT